UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ALEJANDRO JOSE ROJAS,<br><br>Defendant | Case No. 2:20-cr-00302-APG-NJK<br><br>**Order Denying Motion for Relief**<br><br>[ECF No. 12] |

Defendant Alejandro Rojas filed a *pro se* paper requesting one year's credit against his sentence for time he spent at the Nevada Southern Detention Center (NSDC). ECF No. 12. I am treating the paper as a motion. Rojas contends that the Bureau of Prisons (BoP) is not crediting him for the time he spent in custody at NSDC between May 2017 and May 2021. The Government opposes the motion. ECF No. 14. I deny the motion because I cannot award sentencing credits and Rojas has not exhausted his administrative remedies.

First, I cannot grant the relief Rojas is requesting. The BoP, not this court, has the authority to determine an inmate's sentencing credits. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992) (confirming that district courts lack authority to grant sentencing credits for prior custody). If the BoP is not properly performing that function, Rojas may file a petition for a writ of habeas corpus under 28 U.S.C. § 2241. But he must first exhaust his administrative remedies before seeking a writ. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) ("Federal prisoners are required to exhaust their federal administrative remedies prior to

bringing a petition for a writ of habeas corpus in federal court."). Rojas has not demonstrated that he has exhausted the administrative remedies that are available to him through the BoP.

Similarly, to the extent Rojas is seeking relief under the compassionate release statute, he likewise must first exhaust his administrate remedies through the BoP. 18 U.S.C. § 3582(c)(1)(A). He has not shown he has done so. Nor has he shown "extraordinary and compelling reasons" to justify a reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). I therefore deny his motion for relief without prejudice to his ability to pursue his administrate remedies or a subsequent writ of habeas corpus.

I THEREFORE ORDER that Rojas's motion for relief (ECF No. 12) is denied without prejudice.

DATED THIS 30th day of March, 2023.

Andrew P. Gordon
UNITED STATES DISTRICT JUDGE